UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REGAN MORRIS,

                                       Plaintiff,

v.                                                                9:16-cv-01533
                                                                (LEK/TWD)

WENDY KING, JOSEPH CARROLL, and ANTHONY
ANNUCCI,

                                      Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

REGAN MORRIS
Plaintiff, *pro se*
c/o Wayne Morris
188 Buena Vista Ave.
Apt. 3N
Yonkers, NY 10701


HON. ERIC T. SCHNEIDERMAN                    MICHAEL G. MCCARTIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      This *pro se* civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to the Court by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) to dismiss the

1

complaint for failure to prosecute. (Dkt. No. 22.) Plaintiff has not opposed the motion. For the reasons that follow, the Court recommends granting Defendants' motion and dismissing the action without prejudice.

## I.     BACKGROUND

In this action, Plaintiff Regan Morris asserts the following claims: Fourteenth Amendment due process claim against Defendants Wendy King and Joseph Carroll; Eighth Amendment claim against Defendants King, Carroll and Anthony Annucci; First Amendment retaliation claim against Defendant Anucci; Fourth Amendment claim against Defendant Annucci; and a supervisory claim against Defendant Annucci.[1] (Dkt. No. 1.) These claims arise out of Plaintiff's dispute regarding the calculation of his sentence. *Id.*

On April 7, 2017, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 18.) In that order, the Court directed Plaintiff to comply with his mandatory disclosure obligations. *See id.* The Court ordered Plaintiff to provide materials to Defendants including, but not limited to, documents that Plaintiff may use to support his claims, correspondence and grievances related to Plaintiff's request for administrative remedies, and any other complaints related to the issues raised in the instant complaint. *Id.*

Also in the Mandatory Pretrial Discovery and Scheduling Order, the Court granted Defendants leave to take Plaintiff's deposition. *Id.* at 4. The Order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory

---

[1]     Former Defendant Tim Sheehan was terminated from the action on January 11, 2017. (Dkt. No. 5.)

2

> discovery] . . . . The failure of the plaintiff[] to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.

*Id.* at 4–5.

Prior to the Court's issuance of the Mandatory Pretrial Discovery and Scheduling Order on January 4, 2009, Plaintiff had filed a Notice of Change of Address/Authorization. (Dkt. No. 7.) Plaintiff indicated his new address: c/o Wayne Morris, 188 Buena Vista Ave., Apt. 3N, Yonkers, New York 10701. *Id.* Plaintiff has not filed another Notice of Change of Address/Authorization; the docket reflects the address last provided by Plaintiff.

On May 16, 2017, Defendants' counsel filed a notice of compliance with mandatory discovery. (Dkt. No. 19.) Defendants also served a deposition notice on Plaintiff. *Id.* The deposition was scheduled for June 9, 2017, at the Justice Building/Abrams Building for Law and Justice in Albany, New York. *Id.* Plaintiff did not appear for his deposition, nor did he contact Defendants' counsel to advise that he would not appear. (*See* Dkt. No. 20.)

On June 9, 2017, Defendants' counsel served a second deposition notice on Plaintiff. *Id.* Plaintiff's deposition was rescheduled for June 30, 2017, at the Attorney General's Office in Albany, New York. *Id.* In the second deposition notice, Defendants' counsel included a warning, which stated:

> WARNING: If you do not appear for this deposition, the Court can dismiss the above-referenced action as a sanction under FRCP 37, or for your failure to prosecute this action. See FRCP 41. If that were to happen there would be no trial and the defendants would prevail in the lawsuit with a judgment in their favor. See Dkt. No. 18, p. 5 (the Court's Order warning that dismissal can occur if the plaintiff fails to attend his deposition).

(Dkt. No. 22-3) (emphasis omitted.) Again, Plaintiff did not appear for his deposition, nor did he contact Defendants' counsel to advise that he would not appear. *Id.*

3

Defendants now move to dismiss the action for Plaintiff's failure to appear at his deposition. (Dkt. No. 22.) Plaintiff has not opposed the motion.

## II.   ANALYSIS

Defendants move under Federal Rules of Civil Procedure 37(d) and 41(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition. (Dkt. No. 22.) Under Rule 37(d):

> The court where the action is pending may, on motion, order sanctions if: a party. . . fails, after being served with proper notice, to appear for that person's deposition . . . . Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vii) [(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination]. Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b).

"'[D]ismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances.'" *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (quoting *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977)). Thus, such a severe sanction is warranted when plaintiffs, even those proceeding *pro se*, fail to comply with

discovery orders "due to willfulness or bad faith." *Daval Steel Prods. v. Fakredine*, 951 F.2d 1357, 1366-67 (2d Cir. 1991) (citations omitted). A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global Naps, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a *pro se* litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court's orders were clear. There is no indication that Plaintiff did not understand the orders. Plaintiff has not advised the Court that his failures to appear were due to factors beyond his control. Plaintiff has not filed an additional Change of Address/Authorization. Moreover, none of the Court's notices and orders mailed to Plaintiff were returned undeliverable. In addition, Plaintiff has not responded to the motion to dismiss. Accordingly, the Court finds Plaintiff's failure to appear at his deposition was willful. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of Plaintiff's non-compliance is lengthy, but inconclusive. *See Santiago v. Johnson*, No. 9:11-CV-00635 (LEK/TWD), 2013 WL 4049979, at *6, (N.D.N.Y Apr. 29, 2013)[2] (finding the second factor did not weigh in favor of dismissal where less than six months elapsed between the scheduling order and the plaintiff's second scheduled deposition, at which he failed to appear); *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal). Here, Plaintiff has ignored defense counsel's continuous efforts to reach Plaintiff. These efforts have occurred over the last five months. Because this delay is not as long as the cases cited above, the Court finds the second factor weighs slightly against dismissal.

---

[2] The Court will provide Plaintiff with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Regarding the third factor, the Court and defense counsel advised Plaintiff of his duty to appear at his deposition.  (Dkt. Nos. 18, 20.)  The Court and defense counsel informed Plaintiff that if he failed to appear for this deposition, his action could potentially be dismissed as a sanction under Rule 37, or due to a failure to prosecute the action under Rule 41.  *Id.*  Plaintiff's deposition was scheduled and duly noticed twice by Defendants and both times Plaintiff failed to appear for it.  (Dkt. Nos. 22-2, 22-3.)  As such, the third factor weighs in favor of dismissal.

Regarding the fourth factor, the Court has not previously imposed lesser sanctions on Plaintiff.  Thus, this factor does not weigh against or in favor of dismissal.

Weighing the factors with the special solitude that must be granted to *pro se* litigants, the Court finds that dismissal is warranted in this case.  Nevertheless, in light of Plaintiff's *pro se* status, it is recommended that the dismissal of this action be without prejudice.[3]  *See, e.g.*, *Jones v. Hawthorne*, No. 9:12-cv-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing complaint without prejudice pursuant to Rule 41 for failure to prosecute where plaintiff was released from DOCCS custody and failed to provide the Court with an updated address); *Grace v. New York*, No. 10 Civ. 3853 (LTS/GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (recommending dismissal for failure to prosecute without prejudice where *pro se* plaintiff could not be reached at the address he provided) (collecting cases).

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 22) be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute; and it is further

---

[3]     Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff at his address on file, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: October 13, 2017
       Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Case 9:16-cv-01533-LEK-TWD   Document 24   Filed 10/13/17   Page 9 of 20
Santiago v. Johnson, Not Reported in F.Supp.2d (2013)
2013 WL 4049979

2013 WL 4049979
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Martin A. SANTIAGO, Plaintiff,
v.
Patrick M. JOHNSON, Physician Assistant, Upstate Correctional Facility; and N. Smith, Nurse Administrator Upstate Correctional Facility, Defendants.

No. 9:11–CV–0635 (LEK/TWD).
|
Aug. 9, 2013.

**Attorneys and Law Firms**

Martin A. Santiago, Albion, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for the State of New York, James Seaman, Esq., of Counsel, Albany, NY, for Defendants.

*DECISION and ORDER*

LAWRENCE E. KAHN, District Judge.

**I. INTRODUCTION**

*1 This matter comes before the Court following a Report–Recommendation filed on April 29, 2013, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York. Dkt. No. 14 ("ReportRecommendation"). The Clerk has sent the entire file to the undersigned, including the timely Objections by Plaintiff Martin A. Santiago ("Plaintiff") and by Defendants Patrick M. Johnson and N. Smith (collectively, "Defendants"). Dkt. Nos. 26 ("Defendants' Objections"); 31 ("Plaintiff's Objections"). For the following reasons, the Court approves and adopts the Report–Recommendation as modified by this Decision and Order.

**II. BACKGROUND**
The Court assumes the parties' familiarity with the factual and procedural background of this case as set forth in detail in the Report–Recommendation. *See generally* Report–Rec. The Court therefore recites only the facts and procedure necessary to address the parties' Objections.

Defendants twice notified Plaintiff of scheduled depositions in this case, each time warning Plaintiff that if he failed to attend the depositions, he could be subject to sanctions "including dismissal of this lawsuit in its entirety." Dkt. Nos. 20–4 ("Defendants' Memorandum"); 20–10. Plaintiff neither attended the depositions nor contacted Defendants to reschedule them. Dkt. No. 20–1 ¶¶ 6, 13. The court reporter present at each failed deposition charged Defendants $85.00. *Id.* ¶¶ 7, 15.

On October 24, 2012, Defendants filed a Motion pursuant to Federal Rule of Civil Procedure 37(b) to dismiss or strike the Complaint as a sanction for Plaintiff's failure to attend the depositions. Dkt. Nos. 1 ("Complaint"); 20 ("Motion"). Plaintiff did not oppose the Motion. *See generally* Dkt. In her Report–Recommendation, Judge Dancks recommends that the Court deny the Motion but order Plaintiff to reimburse Defendants for the $85.00 charge they incurred as a result of Plaintiff's failure to appear at the second deposition. Report–Rec. at 9. Judge Dancks also recommends that the Court compel Plaintiff to attend another deposition. *Id.*

**III. STANDARD OF REVIEW**
A district court must review *de novo* any objected-to portions of a magistrate judge's reportrecommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *accord* FED. R. CIV. P. 72(b); *see also Morris v. Local 804, Int'l Bhd. of Teamsters,* 167 F. App'x 230, 232 (2d Cir.2006); *Barnes v. Prack,* No. 11–CV–0857, 2013 WL 1121353, at * 1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error.[1] *Chylinski v. Bank of Am., N.A.,* 434 F. App'x 47, 48 (2d Cir.2011); *Barnes,* 2013 WL 1121353, at *1; *Farid v. Bouey,* 554 F.Supp.2d 301, 306–07 & n. 2 (N.D.N.Y.2008); *see also Machicote v. Ercole,* No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *accord* FED. R. CIV. P. 72(b)(3).

[1] An order is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948) (internal quotation marks omitted); *accord Easley v. Cromartie,* 532 U.S. 234, 242 (2001) (quoting *U.S. Gypsum Co.,* 333 U.S. at 395).

## IV. DISCUSSION

### A. Defendants' Objections

*1. Reimbursement for the First Failed Deposition*

**\*2** Judge Dancks recommends that the Court not order Plaintiff to reimburse Defendants for the first failed deposition charge, because she found that Plaintiff was incarcerated on the scheduled date of that deposition and therefore "failed to appear for reasons beyond his control." Report–Rec. at 6, 9. Defendants object to this portion of the Report–Recommendation. See Defs.' Objs. at 1. While admitting that Plaintiff's failure to *appear* at the deposition was due to factors beyond his control, Defendants argue that Plaintiff's failure to *notify* Defendants that Plaintiff had been reincarcerated as of the first deposition date was "fully within his control." *Id.* Defendants maintain, therefore, that it was Plaintiff's fault that Defendants did not have an opportunity to cancel the deposition before charges were incurred. *Id.*

Defendants made this same argument in their Memorandum of law in support of their Motion:

> [E]ven though it appears [P]laintiff may have been incarcerated on the date of his July 12, 2012 deposition, ... there is no reason known to [D]efendants which would have precluded [P]laintiff from advising this office of his unavailability, so that the deposition could have been adjourned and the unnecessary expenses avoided. In light of this failure, [P]laintiff should be required to reimburse [D]efendants for the costs incurred because of [P]laintiff's failure to attend his July deposition as well.

Defs.' Mem. at 9–10. Therefore, the Court reviews that portion of the Report–Recommendation recommending that Plaintiff not be required to reimburse Defendants for the first failed deposition charge only for clear error. *See Farid,* 554 F.Supp.2d at 306. After a thorough review of the ReportRecommendation and the record in this case, the Court finds no such error: Judge Dancks exercised her discretion to order or not to order reimbursement well within the bounds of the governing law.

*2. Time Limit for Payment of Deposition Charge*

Although she recommended that Plaintiff be required to reimburse Defendants for the charge they incurred as a result of the second failed deposition, Judge Dancks did not also recommend a deadline for that payment. *See generally* Report–Rec. Defendants object to the ReportRecommendation insofar as it fails to set such a deadline and establish consequences should Plaintiff fail to meet it. Defs.' Objs. at 1. Under any standard of review, the Court finds that the ReportRecommendation's omission of a payment deadline is error. Accordingly, the Court modifies the Report–Recommendation to require Plaintiff to pay Defendants within 45 days of this Decision and Order. Furthermore, if Plaintiff fails to meet that deadline, the Clerk, without further order of the Court, shall enter judgment dismissing this action with prejudice.

### B. Plaintiff's Objections

In his Objections, Plaintiff states that he has no money to pay the $85.00 and hopes that the Court will waive the fee. Pl.'s Objs. at 1–2. While the Court sympathizes with Plaintiff's situation, his general assertion of economic hardship is not a specific objection to the legal or factual basis for the Report–Recommendation warranting *de novo* review. The Court therefore reviews this portion of the Report–Recommendation for clear error and finds none.

## V. CONCLUSION

**\*3** Accordingly, it is hereby:

**ORDERED,** that the Report–Recommendation (Dkt. No. 25) is **AFFIRMED** and **ADOPTED as modified by this Decision and Order;** and it is further

**ORDERED,** that Defendants' Motion (Dkt. No. 20) is **DENIED;** and it is further

**ORDERED,** that Plaintiff reimburse Defendants for the **$85.00** charge they incurred as a result of Plaintiff's failure to appear at the second deposition; and it is further

**ORDERED,** that if Plaintiff fails to pay Defendants the **$85.00 within forty-five (45) days of** this Decision and Order, the Clerk, without further order of the Court, shall enter judgment dismissing this action **with prejudice;** and it is further

**ORDERED,** that if Plaintiff pays Defendants the **$85.00 within forty-five (45) days** of this Decision and Order, Plaintiff shall attend a deposition at a time and place noticed by Defendants in accordance with the procedure set forth in Part I.D of the Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 14); and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Decision and Order on all parties.

## REPORT–RECOMMENDATION

THÉRÈSE WILEY DANCKS, United States Magistrate Judge.

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 37(b) to dismiss or strike the complaint as a sanction for Plaintiff's failure to attend his scheduled deposition. (Dkt. No. 20.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that the Court deny this motion.

## I. BACKGROUND

In this action, Plaintiff Martin Santiago claims that, *inter alia,* Defendants Patrick Johnson and N. Smith were deliberately indifferent to his serious medical needs between December 2008 and January 2009 while he was incarcerated at Upstate Correctional Facility. (*See generally* Dkt. No. 1.)

On March 27, 2012, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 14.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id.* at 3–4. The order stated that

> [d]efense counsel shall provide plaintiff[ ] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[ ] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id.*

On June 27, 2012, Defendants mailed a deposition notice to Plaintiff. (Dkt. Nos. 20–1 ¶ 5, 20–4.) The deposition was scheduled for July 12, 2012, at 8:30 a.m. at the Empire State Plaza Justice Building in Albany. (Dkt. No. 20–4 at 2.) The notice stated that if Plaintiff failed to attend the deposition, he could be subject to sanctions "including dismissal of this lawsuit in its entirety." *Id.* The letter did not advise Plaintiff, however, that he could call and discuss rescheduling if the date was inconvenient. *Id.*

**\*4** Plaintiff failed to appear for his deposition. (Dkt. Nos. 20–1 ¶ 6, 20–5.) He did not contact defense counsel to advise him that he would not appear. *Id.* The court reporter charged defense counsel $85.00. (Dkt. No. 20–1 ¶ 7, 20–6.)

On August 6, 2012, Plaintiff filed a letter with the Court, requesting an update on the status of his case because he had "no paperwork and [had] no idea what [was] going on with this matter." (Dkt. Nos. 16, 20–7 at 1.) Plaintiff also informed the Court that he (1) was incarcerated at Orleans Correctional Facility; and (2) would have a new address on Bennett Village Terrace in Buffalo, New York, beginning on August 27, 2012. *Id.* Plaintiff explained that

Case 9:16-cv-01533-LEK-TWD   Document 24   Filed 10/13/17   Page 12 of 20
Santiago v. Johnson, Not Reported in F.Supp.2d (2013)
2013 WL 4049979

this date was the soonest he would be released, leaving open the possibility that he may be released later. (Dkt. No. 20–8 at 1.)

On August 13, 2012, Plaintiff filed another letter with the Court, requesting a discovery deadline extension in light of his missing a pretrial discovery deadline of July 27, 2012. (Dkt. Nos. 17, 20–8 at 1.) Plaintiff listed Orleans Correctional Facility as his return address. (Dkt. No. 17 at 2.) He did not mention or acknowledge missing his July 12th deposition. (Dkt. No. 17, 20–8.) Instead, Plaintiff explained that he had been incarcerated since July 3, 2012, and "had no way to access my records in this matter." *Id.* Plaintiff requested that the Court extend the deadline to September 27, 2012. *Id.*

On August 14, 2012, the Court extended the discovery closure date to September 27, 2012. (Text Order Aug. 14, 2012.) On August 27, 2012, Plaintiff was released on parole. (Dkt. No. 20–13 at 1.) On August 28, 2012, the clerk updated the docket to reflect Plaintiff's Bennett Village address pursuant to Plaintiff's August 6th letter. (Dkt. Nos. 20–1 ¶ 11.) Also on August 28, 2012, Defendants mailed a deposition notice to Plaintiff at his Bennett Village address. (Dkt. No. 20–10.) The deposition was rescheduled for September 14, 2012, at 8:30 a.m. at the Empire State Plaza Justice Building in Albany. *Id.* at 2. The notice stated that if Plaintiff failed to attend the deposition, he could be subject to sanctions including reimbursing defense counsel expenses and fees in arranging the deposition "and/or the dismissal of your lawsuit." *Id.* Like the previous notice, this notice did not advise Plaintiff that he could call and discuss rescheduling if the date was inconvenient. *Id.*

Plaintiff failed to appear for his rescheduled deposition. (Dkt. Nos. 20–1 ¶ 13, 20–11.) He did not contact defense counsel to advise that he would not appear. *Id.* The court reporter charged defense counsel $85.00. (Dkt. No. 20–1 ¶ 15, 20–12.)

On September 27, 2012, Plaintiff filed mandatory disclosures with the Court. (Dkt. No. 19.) These disclosures included thirty pages of medical records, mental health records, grievances, handwritten letters, and grievance review committee reports. *See generally, id.* Plaintiff listed his Bennett Village address as his return address. *Id.* Plaintiff did not mention or acknowledge missing his September 14th deposition. *Id.*

**\*5** Defendants filed the pending motion to dismiss the action on October 24, 2012. (Dkt. No. 20.) Plaintiff has not opposed the motion. Nevertheless, Plaintiff wrote a letter to the Court on February 11, 2013, explaining that he had "been locked up for the past month" and requesting an update on his case. (Dkt. No. 22 at 1 .) He also requested the addresses of the Attorney General's office and the judge so that he could "write them a.s.a.p. and inform them of my condition and where I'm at." *Id.* Plaintiff's return address was listed as the Orleans Correctional Facility. *Id.*

On February 15, 2013, Plaintiff informed the Court of his then-present mailing address at the Orleans Correctional Facility and his future mailing address on Courtland Avenue in Buffalo, effective March 15, 2013. (Dkt. No. 23.) Plaintiff explained that he was enrolled in the "OPDP" program at the Orleans Correctional Facility. *Id.* The letter did not discuss Defendants' motion to dismiss or Plaintiff's failure to appear at either deposition. *Id .* On March 7, 2013, Plaintiff filed a change of address form, updating the Court on his Courtland Avenue mailing address effective March 15, 2013. (Dkt. No. 24.)

**II. ANALYSIS**

Defendants move under Federal Rules of Civil Procedure 37 and 41 to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition and Plaintiff's failure to prosecute the action. (Dkt. No. 20.) Under Rule 37(b), if

> a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v)

Case 9:16-cv-01533-LEK-TWD   Document 24   Filed 10/13/17   Page 13 of 20
**Santiago v. Johnson, Not Reported in F.Supp.2d (2013)**
2013 WL 4049979

dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

" '[D]ismissal under Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances.' " *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.1986) (quoting *Israel Aircraft Indus., Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir.1977)). Thus, such a severe sanction is warranted when plaintiffs, even those proceeding *pro se,* fail to comply with discovery orders "due to willfulness or bad faith." *Daval Steel Prods. v. Fakredine,* 951 F.2d 1357, 1366–67 (2d Cir.1991) (citations omitted). A court may weigh several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs, Inc.,* 624 F.3d 123, 144 (2d Cir.2010). Those factors are: (1) the willfulness of the noncomplying party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the noncomplying party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a *pro se* litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994).

*6 Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT & T Corp.,* 211 F.R.D. 203, 209 (S.D.N.Y.2002) (citations and punctuation omitted). Here, the Court's orders were clear, and there is no indication that Plaintiff did not understand those orders. The facts plausibly suggest, however, that Plaintiff failed to appear at his first deposition due to factors beyond his control. Plaintiff stated in his August 13th letter that he had been incarcerated since July 3rd, more than a week before his first deposition. (Dkt. Nos. 17, 20–8 at 1.) This not only prevented Plaintiff from appearing, but also was beyond his control. Thus, this factor weighs against dismissal.

The facts do not plausibly suggest that Plaintiff's failure to appear at his second deposition was due to factors beyond his control. Defendants notified Plaintiff about the rescheduled deposition by sending a notice to Plaintiff's new address *after* the date when Plaintiff said the new address would be valid. (*See* Dkt. Nos. 20–1 ¶ 11, 20–10.) The notice was not returned to sender, nor were there any indications that it did not arrive at Plaintiff's address. Moreover, two weeks after Defendants mailed the notice, Plaintiff sent documents to the Court from his new address. (*See* Dkt. No. 19.) Nevertheless, the facts do not plausibly suggest that Plaintiff persistently refused to comply with discovery orders. Plaintiff maintained communication with the Court, updating his information and requesting status updates on his case. Plaintiff also sought and timely met the extended mandatory disclosures deadline. (Dkt.Nos.17, 20–8, 19.) Accordingly, I find that Plaintiff's failure to comply with discovery was not willful. Therefore, this factor weighs against dismissal.

Regarding the second factor, the duration of the noncompliance also weighs against dismissal. Courts frequently dismiss complaints when the noncompliance delay totals several months or years. *See Aliki Foods, LLC v. Otter Valley Foods, Inc.,* 726 F.Supp.2d 159, 180 (D.Conn.2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman,* 274 F.R.D. 442, 452 (E.D.N.Y.2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker,* 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York,* 208 F.R.D. 531, 536 (S.D . N.Y.2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York,* 208 F.R.D. 526, 527 (S.D.N.Y.2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe*

*Corp.,* 176 F.R.D. 442 (W.D.N.Y.1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal). Here, however, fewer than six months elapsed between the Court order and Plaintiff's second failed deposition appearance; one of Plaintiff's failed appearances was beyond his control; and, by the completion of six months after the initial Court order, Plaintiff timely met an extended mandatory disclosures deadline. Therefore, this factor weighs against dismissal.

**\*7** Regarding the third factor, Plaintiff was advised of his duty to appear at his deposition. (Dkt. No. 14 at 3–4.) Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the lack of any lesser sanctions prior to this motion to dismiss weighs against dismissal. Dismissal should be granted only for those cases where plaintiffs' faults are "flagrant, intentional and willful." *Carmona v. Wright,* 233 F .R.D. 270, 275 (N.D.N.Y.2006) (citing *Friends of Animals, Inc. v. U .S. Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997)). Absent that, courts will impose other sanctions, such as ordering noncomplying parties to reimburse complying parties for expenses incurred as a result of a failure to appear at a deposition. *See, e.g., LeGrande v. Adecco,* 233 F.R.D. 253, 258 (N.D.N.Y.2005) (finding that sanctions for the noncomplying plaintiff to repay the defendant's deposition costs were more appropriate than dismissal "when there are other remedies that can be exercised"). This Court has not previously imposed lesser sanctions on Plaintiff. Namely, this Court has not issued an order requiring Plaintiff's appearance at a deposition on a specific date and time, nor has this Court ordered Plaintiff to reimburse Defendant for the costs incurred for failing to appear at his depositions. Therefore, this factor weighs against dismissal.

Weighing the factors with the special solicitude that must be granted to *pro se* litigants, dismissal is unwarranted in this case. Therefore, I recommend that the Court deny Defendants' motion to dismiss and, instead, order Plaintiff to reimburse Defendants for the $85 incurred as a result of Plaintiff's failure to appear at his second deposition. Plaintiff should not be ordered to reimburse Defendants for costs incurred as a result of the first deposition because Plaintiff failed to appear for reasons beyond his control. Furthermore, I recommend that the Court compel Plaintiff to participate in another deposition, as these sanctions are reasonable and promote substantial justice.

**ACCORDINGLY,** it is

**RECOMMENDED** that the Court deny Defendants' motion to dismiss (Dkt. No. 20) but order Plaintiff to reimburse Defendants for the $85 incurred as a result of Plaintiff's failure to appear at his second deposition.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 (2d Cir.1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 4049979

2014 WL 2533166
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Dwayne JONES, Plaintiff,
v.
Dr. Amber HAWTHORNE, Doctor,
Upstate Correctional Facility, Defendant.

No. 9:12–CV–1745 (GTS/RFT).
|
Signed June 5, 2014.

**Attorneys and Law Firms**

Dwayne Jones, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for the State of New York, Joshua E. Mcmahon, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendant.

### DECISION and ORDER

GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* prisoner civil rights action filed by Dwayne Jones ("Plaintiff") against the above-captioned New York State correctional employee ("Defendant"), is United States Magistrate Judge Randolph F. Treece's Report–Recommendation recommending that Plaintiff's Complaint be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute the action or comply with the procedural rules or orders of the Court. (Dkt. No. 29.) Plaintiff has not filed an objection to the Report–Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report–Recommendation: Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the ReportRecommendation for the reasons stated therein. (Dkt. No. 29.)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–Recommendation (Dkt. No. 29) is *ACCEPTED* and *ADOPTED* in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *DISMISSED* without prejudice pursuant to Fed.R.Civ.P. 41(b).

### *REPORT–RECOMMENDATION and ORDER*

RANDOLPH F. TREECE, United States Magistrate Judge.

Plaintiff Joseph Bloomfield commenced this action *pro se* in November 2012, seeking relief, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Dkt. No. 1, Compl. At the time of the initiation of this action, Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and was incarcerated at Upstate Correctional Facility.

On March 22, 2013, the Honorable Glenn T. Suddaby, United States District Judge, conducted an initial screening of Plaintiff's Complaint. Dkt. No. 12. After directing dismissal of certain claims and Defendants, Judge Suddaby directed service on the remaining Defendant, Amber Hawthorne.[1] Dkt. No. 12. Within that Decision and Order, Judge Suddaby advised Plaintiff of his obligation to maintain an updated address with the Court and opposing counsel. Specifically, Judge Suddaby stated: "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so will result in the dismissal of this action.**" *Id.* at p. 23 (emphasis in original).

[1] Plaintiff's request to proceed with this action *in forma pauperis* ("IFP") was granted and the United States Marshal was directed to effectuate service on Plaintiff's behalf. Dkt. No. 12; *see also* 28 U.S.C. § 1915.

On April 22, 2013, Defendant filed a Motion seeking revocation of Plaintiff's *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(g), for having allegedly accumulated three or more "strikes" prior to initiating this action.[2] Dkt. No. 18. On May 8, 2013, while still in DOCCS's custody, Plaintiff filed his Opposition to that Motion. Dkt. No. 23. Thereafter, on February 12,

2014, this Court issued a Decision and Order denying the Motion because Plaintiff had not accumulated three strikes prior to initiating this action; Defendant was directed to respond to the Complaint.[3] Dkt. No. 4. A copy of that Decision and Order was mailed to Plaintiff at his last known address as reflected on the Docket Report. However, on February 18, 2014, that Decision and Order was returned to the Court as undeliverable. Dkt. No. 25. In the meantime, Defendant complied with the Court's direction and filed her Answer, Dkt. No. 26, and a Mandatory Pretrial Discovery and Scheduling Order was issued, setting forth various deadlines for the progression of this action, Dkt. No. 27. A copy of that Order was likewise mailed to Plaintiff at his last known address and was, on March 10, 2014, similarly returned as undeliverable. Dkt. No. 28.

[2]  In *lieu* of an answer, Defendant filed a Motion to Dismiss. Dkt. No. 18. However, because the relief sought was revocation of Plaintiff's IFP status, which is not dispositive in nature, the Clerk was directed to reflect that the Motion to Dismiss was, in actuality, a motion seeking revocation of IFP status. Dkt. No. 20. In rendering this Order, this Court further noted that this was a non-dispositive issue to be decided by the undersigned directly and not upon referral from the District Judge. *Id.* We further stayed Defendant's time to respond to the Complaint pending a determination on the Motion. *Id.*

[3]  As noted in that Decision and Order, one of the proposed strikes offered by Defendant was a dismissal of a *habeas corpus* petition. During the pendency of the Defendant's Motion, the Second Circuit issued its decision in *Jones v. Smith,* 720 F.3d 142, 147 (2d Cir.2013), putting to rest the conflict among the District Courts by ruling that dismissals of *habeas* petitions challenging a prisoner's conviction and duration of confinement do not constitute strikes for purposes of the Prison Litigation Reform Act. Dkt. No. 24 at p. 4 & n. 2.

**\*2** According to information publically available on the New York State DOCCS website, Plaintiff was released from DOCCS custody on July 26, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y. S. DOCCS Inmate Information website, *available at* http:// nysdoccslookup.doccs.ny .gov (information obtained for DIN# 11–A–1561). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699, at \* 1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord,* 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1988); *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998); *Williams v. Faulkner,* 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was ten months ago when, on May 8, 2013, the Court received his Opposition to Defendant's Motion. Dkt. No. 23. Because the Defendant's Motion was fully briefed, we would not have expected any communication from Plaintiff during these ten months, except in certain circumstances such as providing the Court with an updated address. It is clear that in late-July

2013, Plaintiff's address changed, yet there is no indication that Plaintiff attempted to update his address with the Court. Such inaction constitute grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626 (1962).[4] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See* Freeman v. Lundrigan, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.2009); Lucas v. Miles, 84 F.3d 532, 534–35 (2d Cir.1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir.2004).

[4] It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See* Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y.2006).

**\*3** In this case, Plaintiff was released from DOCCS custody on July 26, 2013, over seven months ago, yet, we have never received an updated address, nor any alternative means by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A Scheduling Order was recently issued which directs the exchange of certain discovery amongst the parties. Yet, Defendant has no ability to comply with the Court's Order if she cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice.[5]

[5] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

**WHEREFORE,** it is hereby

**RECOMMENDED,** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report–Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs .,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72 & 6(a).

**\*4** Filed March 13, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2533166

---

End of Document                © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:16-cv-01533-LEK-TWD   Document 24   Filed 10/13/17   Page 19 of 20
Grace v. New York, Not Reported in F.Supp.2d (2010)
2010 WL 3489574

2010 WL 3489574
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. New York.

Rodney GRACE, Petitioner,
v.
State of NEW YORK, Respondent.

No. 10 Civ. 3853(LTS)(GWG).
|
Sept. 7, 2010.

*REPORT & RECOMMENDATION*

GABRIEL W. GORENSTEIN, United States Magistrate Judge.

*FACTS*

**\*1** Rodney Grace, proceeding *pro se,* brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking review of his state court conviction. *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed May 11, 2010 (Docket # 2). At the time of the filing, Grace was detained at Anna M. Cross Center at Rikers Island Correctional Facility. *See id.* This Court issued an order on May 20, 2010, directing the respondent to file an answer by July 20, 2010. *See* Order, filed May 20, 2010 (Docket # 4) ("May 20, 2010 Order").

This Order was mailed to the address on the complaint —the Anna M. Cross Center—and it was returned as undeliverable with a hand written notation "no such inmate in system by name." In response, the undersigned stayed the May 20, 2010 Order, ordered Grace to provide the Court with an address at which he could be reached, and informed him that if he failed to respond, his petition would be dismissed. *See* Order, dated June 2, 2010 (Docket # 5) ("June 2, 2010 Order"). A copy of this order was sent to a prison number that was supplied in Grace's papers.

On June 7, 2010, Grace filed a letter with the Clerk of Court providing a new address at the Ulster Correctional Facility in Napanoch, New York, where he stated he was being held on a parole violation. *See* Change of Address, filed June 7, 2010 (Docket # 6). The court vacated the June 2, 2010 Order and reinstituted the deadlines set forth in the May 20, 2010 Order. *See* Order, filed June 9, 2010 (Docket # 7) ("June 9, 2010 Order").

A copy of the June 9, 2010 Order was sent to Grace at the Ulster Correctional Facility but was returned as undeliverable with the handwritten notation "Released– No Forwarding Address on file." *See* Order, filed June 17, 2010 (Docket # 8). The Court's own inquiry into the State prisoner locator system confirmed his release. Additionally, the records of New York City's Department of Correction did not reflect that Grace was in its custody. Once again, the undersigned stayed the May 20, 2010 Order. *Id.* The Court further ordered that if Grace did not provide an address at which he could be reached within 60 days, his "petition will be dismissed." *Id.* To date, the Court has received no communication from petitioner. In addition, there is no "Rodney Grace" in either the City or State correctional systems according to their websites.

*DISCUSSION*

Fed.R.Civ.P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ( "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."

**\*2** While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, *see Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, *see id.; Lucas v.*

*Miles,* 84 F.3d 532, 535 (2d Cir.1996). Here, it is sufficient to say that this case cannot proceed without Grace's participation, and he has provided no method by which the Court can inform him of his obligations in this case or its outcome. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached. *See, e.g., Fate v. Doe,* 2008 WL 1752223, at *2 (S.D.N.Y. Apr.16, 2008); *Coleman v. Doe,* 2006 WL 2357846, at *3 (E.D.N.Y. Aug.14, 2006); *Dong v. United States,* 2004 WL 385117, at *3 (S.D.N.Y. Mar.2, 2004); *Love v. F.B.I.,* 2002 WL 2030828, at *1 (N.D.Tex. Sept.3, 2002); *Ortiz v. United States,* 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); *Hibbert v. Apfel,* 2000 WL 977683, at *2–3 (S.D.N.Y. July 17, 2000); *Norlander v. Plasky,* 964 F.Supp. 39, 41–42 (D.Mass.1997). However, because "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations,' " *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972)), the Court recommends that dismissal be without prejudice, *see generally LeSane,* 239 F.3d at 209 (*"pro se* plaintiffs should be granted special leniency regarding procedural matters"); *Coleman,* 2006 WL 2357846, at *3 (dismissal without prejudice where *pro se* plaintiff could not be reached at the address he provided (citation omitted)); *Whitaker v. N.Y. City Police Dep't,* 1989 WL 37678, at *1 (S.D.N.Y. Apr.11, 1989) (same).

*Conclusion*

For the foregoing reasons, the petition should be dismissed without prejudice.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. *See also* Fed.R.Civ.P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir.2010).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3489574

---